UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET HARTE UNION HIGH SCHOOL DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>FIELDTURF, USA, INC., FIELDTURF, INC., and FIELDTURF TARKETT SAS,<br><br>Defendants. | No. 1:16-cv-00371-DAD-SMS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 6) |

This action was filed by plaintiff on March 16, 2016, stating causes of action sounding in California state law for breach of contract, fraud, negligent misrepresentation, unfair competition, and violation of the False Claims Act. (Doc. No. 1.) Jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 2.) On April 12, 2016, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) as to plaintiff's negligent misrepresentation claim only. (Doc. No. 6.) The motion asserts plaintiff may not state a cause of action sounding in tort, because the suit here is governed by the California Uniform Commercial Code and plaintiff is therefore limited only to recovery in contract. (Doc. No. 6.) Defendants argue that even if this is not the case, plaintiff's recovery under a tort theory of negligent misrepresentation is barred by application of the economic loss rule. (Doc. No. 6 at 13–17.) Plaintiff filed an opposition to this partial motion to dismiss on May 23, 2016. (Doc. No. 7.) Oral argument on the matter was heard on June 7, 2016.

(Doc. No. 10.) Attorney Peter Lindborg appeared on behalf of plaintiff, and attorney Kristian Moriarty appeared on behalf of defendants.

## I. Legal Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if

their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## II.     Facts

All facts recited here are taken from the allegations of the complaint which are accepted as true for purposes of resolving the pending motion. *See Hishon*, 467 U.S. at 73. Plaintiff began investigating the purchase of a synthetic turf athletic field for its campus at Bret Harte High School in 2008, following a bond measure passed by local voters. (Doc. No. 1 at ¶ 9.) Defendants' marketing materials made numerous representations about the durability and long life of their synthetic turf fields. (Doc. No. 1 at ¶ 11.) Plaintiff, acting on these representations, entered a contract with defendants agreeing to pay approximately $592,000 in exchange for defendants furnishing and installing an artificial turf field. (Doc. No. 1 at ¶ 13.) Installation was completed in October 2009 and plaintiff was given an eight year manufacturer's warranty on the field. (Doc. No. 1 at ¶ 15.) In addition to the representations made in their marketing materials, defendants represented to plaintiff in the contract that the field was free from defects. (Doc. No. 1 at ¶ 16.)

On March 1, 2011, defendants filed an action in federal court in Georgia against the manufacturer of the material used to make their synthetic turf fields, accusing the manufacturer of producing fiber that was less durable and more likely to degrade under certain conditions than represented. (Doc. No. 1 at ¶ 18.) Defendants complaint filed in that action alleged that, in 2009, before the contract was entered into with plaintiff, defendants had received complaints from numerous customers about these same turf fields, reporting the fibers in the turf were "splitting and shedding" during routine use. (Doc. No. 1 at ¶ 19.) In fact, defendants were aware of similar problems with their products starting as early as 2006. (Doc. No. 1 at ¶ 20.) Further, defendants' CEO testified in the Georgia action that he believed the fields were defective and the company was in the process of installing forty-one new fields without telling customers the fields were defective. (Doc. No. 1 at ¶ 21.)

In 2014, plaintiff noticed its turf field was failing. (Doc. No. 1 at ¶ 24.) Plaintiff reported the failure to defendants, who refused to replace the field at no cost to plaintiff. (Doc. No. 1 at

3

¶ 25.)  Plaintiff filed this lawsuit on March 16, 2016, alleging causes of action for breach of contract, fraud, negligent misrepresentation, unfair competition, and violation of California's False Claims Act.  (Doc. No. 1.)

**III.    Analysis**

Defendants seek dismissal here only of plaintiff's claim for negligent misrepresentation. Defendants argue plaintiff may not bring a separate cause of action for negligent misrepresentation here for two reasons:  (1) because it is a merchant and this claim falls under the California Uniform Commercial Code, plaintiff is prohibited from alleging tort claims sounding in negligence about the same subject matter as its breach of contract claim; and (2) because any claim of negligent misrepresentation in this case is barred by the economic loss rule.  As discussed below, the court concludes that the first argument is actually subsumed by the second, despite defense counsel's protestations to the contrary.

*a.    Negligent Misrepresentation*

Under California law, negligent misrepresentation is "a separate and distinct tort" from negligence, and is "a species of the tort of deceit."  *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992).  "The elements of fraud, which gives rise to the tort action for deceit, are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.  The tort of negligent misrepresentation does not require scienter or intent to defraud."  *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003) (internal quotations and citations omitted).[1]  Negligent misrepresentation is defined by the Civil Code as a form of deceit.  *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1089 n.2 (1993) (citations omitted).

/////

/////

---

[1] Similarly, it has been observed that: "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007).

   *b.*  *Applicability of the California Uniform Commercial Code*

  Defendants' first argue the California Uniform Commercial Code ("CUCC") applies to the transaction at issue here, and therefore, plaintiff is limited to contractual remedies only and its claim of negligent misrepresentation is subject to dismissal. (*See* Doc. No. 6 at 10–13.) Plaintiff argues the CUCC does not apply because this is not a dispute over the sale of goods, but rather involves a mixed contract for both labor and goods, which requires a factually-driven analysis improper for resolution at the motion to dismiss stage of the litigation. (Doc. No. 7 at 9–10.) Further, plaintiff argues it is not a merchant, and therefore cannot be governed by the CUCC. (Doc. No. 7 at 10–11.) Whether plaintiff is a merchant is irrelevant.[2]

  Here, the court assumes without deciding the contract involved is one for the sale of goods, and therefore one to which the CUCC *could* apply.[3] Given this assumption, the court turns to defendants' argument that plaintiff may only receive commercial code remedies. The entirety of this argument rests solely on the decision in *Sacramento Regional Transit District v. Grumman Flxble*, 158 Cal. App. 3d 289 (1984). In that case, plaintiff operated a public mass transportation

---

[2] Most provisions of the CUCC relating to the sale of goods apply regardless of whether either party is a merchant. This is evident from the use of the terms "buyer" and "seller" throughout the provisions of the code, *see* Cal. Com. Code § 2714, and the use of the term "merchant" in others, *see* Cal. Com. Code §§ 2207, 2209. The terms "buyer" and "seller" do not require the contracting party to also be a merchant. *See* Cal. Com. Code § 2103. The definition of "merchant" in the code does not encompass *any* contracting party who buys or sells goods. Cal. Com. Code § 2104. Plaintiff's status as a merchant is simply irrelevant to resolution of the pending motion.

[3] Under the CUCC, if the transaction is not one for goods, but rather for services, the CUCC does not apply. *See In re CFLC, Inc.*, 166 F.3d 1012, 1015 (9th Cir. 1999). If a contract involves both the sale of goods and the provision of services, then the court must look to "the essence of the agreement" to determine whether the sale of goods or the provision of services was the predominate purpose of the contract, and therefore, whether the CUCC applies. *Filmservice Labs., Inc. v. Harvey Bernhard Enters., Inc.*, 208 Cal. App. 3d 1297, 1305 (1989). The court can compare the relative cost of the goods and services in the transaction and the purpose of the agreement in order to determine whether it is predominantly a sale of goods or transaction for services. *C9 Ventures v. SVC-West, L.P.*, 202 Cal. App. 4th 1483, 1494 (2012). The test has been framed as whether the contract's "predominant factor, [its] thrust, [its] purpose, reasonably stated, is the rendition of service, with goods incidentally involved (e.g., contract with artist for painting) or is a transaction of sale, with labor incidentally involved (e.g., installation of a water heater in a bathroom)." *Id.* (quoting *Bonebrake v. Cox*, 499 F.2d 951, 960 (8th Cir. 1974) (citations omitted)).

system, and bought from defendant a number of buses. *Id.* at 291–92. Some years after the purchase, plaintiff inspected its buses and found many had cracked fuel tank supports, necessitating repairs to the entire fleet. *Id.* at 292. Plaintiff there brought an action in tort for products liability and negligence because its contractual warranties had "long expired when the defects were discovered." *Id.* In that context, the court held "the cost of repair of a defect in a manufactured product constitutes economic loss . . . [which] is not recoverable in a tort action based on negligence." *Id.* at 298. This is a clear invocation of the economic loss rule, discussed below, which generally bars recovery of economic losses in tort actions based on negligence. *Id.* at 298–99.

At the hearing on the pending motion, defense counsel noted that one of the cases relied on by the court in *Sacramento Regional*, *Seely v. White Motor Co.¸* 63 Cal. 2d 9 (1965), also established this legal principle. Indeed, the California Court of Appeals in *Sacramento Regional* did explicitly rely on *Seely* in reaching its conclusion. *See, e.g.*, 158 Cal. App. 3d at 298. However, *Seely* itself is also simply an application of the economic loss rule, as recognized in three separate California Supreme Court cases. *See Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal 4th 979, 989 (2004) ("We have also applied the economic loss rule to negligence actions.") (citing *Seely*, 63 Cal. 2d at 45); *Jimenez v. Superior Court of San Diego Cty.*, 29 Cal. 4th 473, 486 (2002) ("Adopting an economic loss rule similar to the one this court had articulated in *Seely* . . . .") (Kennard, J., concurring); *Aas v. Superior Court of San Diego Cty.*, 24 Cal. 4th 627, 636 (2000) ("In actions for negligence, a manufacturer's liability is limited to damages for physical injuries; no recovery is allowed for economic loss alone. This general principle, the so-called economic loss rule, is the primary obstacle to plaintiffs' claim.") (citing *Seely*, 63 Cal. 2d at 18.)

Defendants' argument based on the CUCC is therefore unavailing because it does not provide a separate legal principle upon which the court could resolve the pending motion. Accordingly, the court turns to the application of the economic loss rule to a claim of negligent misrepresentation.

/////

6

     *c.*     *Economic Loss Rule*

The California Supreme Court most recently discussed the economic loss rule, stating as follows:

> Economic loss consists of damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits—without any claim of personal injury or damages to other. Simply stated, the economic loss rule provides: Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses. This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts. *The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise.* Quite simply, the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other.

*Robinson Helicopter Co., Inc.*, 34 Cal. 4th at 988 (emphasis added).

At its heart, this rule requires a plaintiff to rely on the law of contracts and implied and express warranties to recover damage to the product sold, rather than resort to tort law. When applied to product liability suits, one may still sue for damage to property *other than the product* under the economic loss rule, but losses to the allegedly defective product itself are barred as "economic" losses. *Jimenez v. Superior Court of San Diego Cty.*, 29 Cal. 4th 473, 456 (2002). The economic loss rule has also been applied to bar general negligence claims. *See Robinson Helicopter*, 34 Cal. 4th at 989 (citing *Aas*, 24 Cal. 4th at 640 and *Seely*, 63 Cal. 2d at 45).

In *Robinson Helicopter*, the California Supreme Court noted other exceptions to the economic loss rule besides those carved out for certain products liability cases. Thus, it is recognized that aside from cases involving physical injury or damage to other property, plaintiffs may also recover for "breach of the covenant of good faith and fair dealing in insurance contracts; for wrongful discharge in violation of fundamental public policy; or *where the contract was fraudulently induced.*" *Id.* at 989–90 (emphasis added). "In each of these cases, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct

7

which is both intentional and intended to harm." *Id.* at 990 (citations and quotations omitted). "Focusing on intentional conduct gives substance to the proposition that a breach of contract is tortious only when some independent duty arising from tort law is violated." *Id.* However, if "every negligent breach of a contract gives rise to tort damages the limitation would be meaningless, as would the statutory distinction between tort and contract remedies." *Id.* Thus, the focus for the California Supreme Court in *Robinson Helicopter* centered on the intentionality of the defendant's behavior, because courts should only apply tort remedies to contract suits "when the conduct in question is so clear in its deviation from socially useful business practices that the effect of enforcing such tort duties will be to aid rather than discourage commerce." *Id.* at 991–92 (citations and quotations omitted). "California also has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices," and therefore fraudulent conduct cannot be considered a "socially useful business practice." *Id.* at 992 (citations and quotations omitted).

No published Ninth Circuit opinion, nor any California Supreme Court case, has analyzed how the exceptions to the economic loss rule identified in *Robinson Helicopter* apply to claims of negligent misrepresentation which, by their very nature, occupy the space between negligence and fraud claims. However, two unpublished Ninth Circuit decisions have suggested negligent misrepresentation claims are not barred by the economic loss rule. *See Hannibal Pictures, Inc. v. Sonja Prods. LLC*, 432 Fed. App'x 700, 701 (9th Cir. 2011) (holding a jury verdict in favor of a negligent misrepresentation claim was not precluded by the economic loss rule where "one party has lied to the other"); *Kalitta Air, L.L.C. v. Central Texas Airborne Sys., Inc.*, 315 Fed. App'x 603, 607 (9th Cir. 2008) (holding negligent misrepresentation is a "species of fraud" under California law, for which "economic loss is recoverable").[4]

Numerous district courts in California have considered this issue, reaching various conclusions. *See, e.g.*, *Shahinian v. Kimberly-Clark Corp.*, No. CV 14-8390 DMG(SHx), 2015 WL 4264638, at *8 (C.D. Cal. July 10, 2015); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,

---

[4] Citation to these unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  117 F. Supp. 3d 1092, 1104 (C.D. Cal. 2015); *Ladore v. Sony Comput. Entm't Am., LLC*, 75 F.
2  Supp. 3d 1065, 1074–76 (N.D. Cal. 2014); *Tasion Commc'ns., Inc. v. Ubiquiti Networks, Inc.*,
3  No. C-13-1803-EMC, 2013 WL 4530470, at *3–9 (N.D. Cal. Aug. 26, 2013); *NuCal Foods, Inc.
4  v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1030 (E.D. Cal. 2013); *Castro Valley Union 76, Inc.
5  v. Vapor Sys. Techs., Inc.*, No. C 11-0299 PJH, 2012 WL 5199458, at *4 (N.D. Cal. Oct. 22,
6  2012); *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1179
7  (C.D. Cal. 2009); *Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints N. Am., Inc.*, No. CV F
8  07-1614-LJO-TAG, 2008 WL 2724876, at *5–6 (E.D. Cal. July 11, 2008).

The undersigned finds the reasoning of the decision in *Barrier Specialty* to be persuasive. In that case, the court noted that the "negligent misrepresentation cause of action sounds more in deceit/fraud than negligence." 2008 WL 2724876, at *6. *See also* Cal. Civil Code § 1710 (defining the tort of deceit as an "assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true"); *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007) (noting the elements of negligent misrepresentation include a misrepresentation of a past or existing material fact "without reasonable ground for believing it to be true").

Here, plaintiff explained in its opposition to the pending motion the difference between its breach of contract and negligent misrepresentation claims:

> The allegations concerning the DISTRICT's breach of contract claim primarily focuses on the warranty which FieldTurf provided to DISTRICT post-completion and FieldTurf's non-response to the DISTRICT's warranty claim (Complaint at ¶¶ 15, 27–34), whereas the negligent misrepresentation claim relates to the falsity of the representations which FieldTurf made to DISTRICT prior to the execution of the Contract (Complaint at ¶¶ 11, 12, 18–22, 43–49).

(Doc. No. 7 at 12–13.) Although the court is mindful the economic loss rule may bar negligent misrepresentation claims where the allegation runs "closely parallel" to a concurrent breach of contract claim, *Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, No. CIV. S-07-1015 LKK/EFB, 2007 WL 2492436, at *8 (E.D. Cal. Aug. 30, 2007), the claims plaintiff asserts in this case are, by nature, different. Here, plaintiff's breach of contract claim alleges defendants failed to make good on their warranty when they failed to replace the field, whereas the negligent

misrepresentation claim essentially alleges that plaintiff would not have entered into this contract absent alleged defendants' misrepresentations. This negligent misrepresentation claim sounds more in deceit/fraud than it does in negligence. As such, the court is not persuaded that plaintiff's negligent misrepresentation must be dismissed as it is pled.

For all of the reasons set forth above, defendants' motion to dismiss (Doc. No. 6) is denied.[5]

IT IS SO ORDERED.

Dated:   **June 27, 2016**                          _____
                                                    UNITED STATES DISTRICT JUDGE

---

[5] Of course, if plaintiff later asserts liability for negligent misrepresentation based on grounds that more closely parallel their breach of contract claim, *Lincoln Gen. Ins. Co.*, 2007 WL 2492436, at *8, defendants are free to raise the issue again by way of motion to dismiss or summary judgment. *See* Doc. No. 7 at 12–13 ("The allegations concerning the DISTRICT's breach of contract claim ***primarily*** focuses on the warranty which FieldTurf provided to DISTRICT post-completion and FieldTurf's non-response to the DISTRICT's warranty claim.") (emphasis added).